**In re ERICA B. and Nicole B.**

Supreme Judicial Court of Maine.

Argued Nov. 18, 1986.
Decided Jan. 22, 1987.

Berman, Simmons & Goldberg, P.A., Paul F. Macri (orally), Lewiston, for plaintiff.

Richard Bergeron, Asst. Atty. Gen. (orally), Augusta, for Dept. of Human Services.

Franklin Poe (orally), Perkins & Perkins, Boothbay Harbor, for Father.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

CLIFFORD, Justice.

Sheila M., the mother of Erica B. and Nicole B., appeals from an order of the Superior Court, Oxford County, dismissing her appeal from a decision of the District Court, Rumford, continuing in effect a preliminary protection order granting the Department of Human Services temporary custody of the two girls. We affirm the judgment of the Superior Court.

Acting pursuant to the Child and Family Services and Child Protection Act, 22 M.R.S.A. §§ 4001–4071 (Supp.1986), the Department of Human Services (Department) on May 8, 1986, filed a petition for a child protection order, accompanied by a request

for a preliminary protection order. The petition alleged that Erica B., aged 5, and Nicole B., aged 6, had been sexually abused by their stepfather. On the same day the District Court issued an ex parte preliminary protection order placing the two girls in the temporary custody of the Department. The District Court scheduled a final hearing for September 11, 1986.

Because Sheila M. did not consent to the preliminary protection order removing the children from her custody, a preliminary hearing lasting three days was held, and on June 23, 1986, the District Court continued in effect its order that the Department maintain custody of the children. The District Court found by a preponderance of the evidence that there was an immediate risk of serious harm to the children if they returned to the custody of Sheila M. Contending that the District Court improperly refused to permit the children to be cross-examined, Sheila M. appealed the June 23, 1986, District Court order and moved to continue the final hearing. The District Court granted the motion to continue and no further action was taken on the Department's petition.[1]

The Superior Court granted the motion of the children's natural father to dismiss the appeal. The Superior Court determined that "the District Court order ... is neither a final judgment nor the type of order that falls into any category permitting an interlocutory appeal." This appeal from that dismissal followed.

## I.

Sheila M. argues that the Superior Court erred in dismissing her appeal because the preliminary hearing held under 22 M.R.S.A. § 4034 is a proceeding separate and distinguishable from the final protection hearing under 22 M.R.S.A. § 4035. She points out that under section 4034(2), before the temporary removal of a child from a parent

can be ordered or the rights of a parent otherwise limited, the court must find "that there is an immediate risk of serious harm to the child." By contrast, under section 4035(2), in order for the court to make a final protection order with more lasting consequences, there must be a finding that "the child is in circumstances of jeopardy to his health or welfare." Since the section 4034 hearing was concluded, and only the separate section 4035 proceedings remain for the District Court, Sheila M. argues that, owing to the different factual determinations at issue, the section 4034 order is a final judgment, and that the Superior Court's dismissal of her appeal effectively deprives her of a meaningful review of the court's action under that order. We do not agree.

■ Sheila M.'s appeal to the Superior Court was taken under 22 M.R.S.A. § 4006 and M.D.C.Civ.R. 73. Appeals, in order to be cognizable, must be from a final judgment. *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 173.5 at 490–91 (2d ed.1970). Orders that are interlocutory and not final are generally not appealable. *Allen v. Cole Realty, Inc.*, 325 A.2d 19, 21 (Me.1974).

The judicially created final judgment rule is based on sound reasoning. Among other goals, it promotes judicial economy and curtails interruption, delay, duplication and harassment. The rule saves an appellate court from deciding issues that may later be mooted by proceedings in other courts, thereby avoiding unnecessary appeals. *State v. Maine State Employees Association*, 482 A.2d 461, 464 (Me.1984).

■ An appeal is final, as opposed to interlocutory, if 1) the trial court's action fully decides and disposes of the whole matter leaving nothing further for the consideration and judgment of the trial court,

---

1. There is no requirement or any procedure set out in the statute providing for a stay of the preliminary order and a delay of the final hearing pending an attempt to appeal the preliminary order. The District Court could have pro-

ceeded to final hearing pending Sheila M.'s appeal. By order of November 24, 1986, we have ordered the District Court to schedule forthwith the final hearing provided in 22 M.R.S.A. § 4035.

and 2) no subsequent proceedings in the case will render the appellate court's decision immaterial. *Allen,* 325 A.2d at 21; *Fidelity and Casualty Co. v. Bodwell Granite Co.,* 102 Me. 148, 151–52, 66 A. 314, 316 (1906); *Gilpatrick v. Glidden,* 82 Me. 201, 203, 19 A. 166, 167 (1889).

Sections 4034 and 4035 are unitary in nature, part of an overall statutory scheme designed to insure the protection of children from abuse and neglect. The statutory procedure leads to and ultimately focuses on a final hearing where a determination is made to serve the best interest of the child, and, if necessary to protect the child from jeopardy to his or her health and welfare, a final order protecting the child can be issued. *See* 22 M.R.S.A. § 4036(2).

Under the statute, the Department or others [2] may petition the court to intervene to protect a child allegedly in jeopardy. At the same time a request supported by a sworn summary of facts may be made for a preliminary protection order. 22 M.R.S.A. § 4034(1). The court may then intervene on behalf of the child and, if circumstances merit it, may order the child removed from the custody of the parent on a finding that there is an immediate risk of serious harm to the child. 22 M.R.S.A. § 4034(2). That order may be issued ex parte. The custodial parent has an opportunity to challenge that preliminary protection order, and is entitled to a preliminary hearing in which evidence is offered. 22 M.R.S.A. § 4034(4). If at the preliminary hearing the court finds, by a preponderance of the evidence, that returning the child to his or her custodian would place the child in immediate risk of serious harm, the initial preliminary protective order maintaining the child in the custody of another party, often the Department, may be continued in effect.[3] That preliminary protection order is of short duration, since it terminates *automatically* on the issuance

of a final order, and the hearing on the final order must be set at the earliest practical time. 22 M.R.S.A. §§ 4034(2), 4032(3). At the final hearing, which is a full evidentiary hearing, if the court determines by a preponderance of the evidence [4] that the child is in circumstances of jeopardy to the child's health or welfare, the court then hears evidence as to an appropriate disposition, including care plans and specific recommendations. 22 M.R.S.A. § 4035(2) & (3).

The statutory procedure is designed best to protect children from abuse and neglect, by allowing the court to interfere with custodial relationships, for very limited periods of time, on short notice on a finding of immediate risk of serious harm to a child. That same statutory procedure requires that a later, wholly dispositive, determination be made on the same petition at a final evidentiary hearing, with all parties having adequate time to prepare and present evidence on whether the health and welfare of the child is in jeopardy, and if jeopardy is found, on the disposition that would be in the best interest of the child.

Although determinations made by the court in the preliminary and final hearings are, of necessity, different, in view of the different time constraints involved, the protection of and best interests of the child are the paramount considerations in both such hearings. The preliminary proceeding is subordinate to the final hearing and is designed to offer preliminary protection to the child until the parties and the court can marshal the resources to make a more informed disposition of the underlying child protection petition. *Cf. Moshe Myerowitz, D.C., P.A. v. Howard,* 507 A.2d 578 (Me. 1986) (preliminary injunction is not final judgment for purposes of appeal).

Because of the unitary nature of the preliminary and final orders under the stat-

---

**2.** A police officer or sheriff, or three or more persons. 22 M.R.S.A. § 4032(1).

**3.** Other options are available to the court to protect the child. *See* 22 M.R.S.A. § 4036.

**4.** The burden of proof is always on the petitioner, in this case the Department.

ute, the Superior Court's disposition of an appeal from alleged error in the issuance of the section 4034 preliminary order will not dispose of the entire matter. Irrespective of the result of this appeal, there remain the issues of the jeopardy of the children and, if jeopardy is found, of disposition under section 4036. Later action by the District Court after the final hearing, with its automatic effect of terminating the preliminary order from which the appeal is taken, could very well render the Superior Court's disposition of the appeal immaterial, thereby making improvident an appeal from the preliminary protection order. *See Allen*, 325 A.2d at 21.

■ Preliminary protection orders based on an affirmative finding of immediate risk of serious harm to a child are interlocutory in nature, and not appealable under 22 M.R.S.A. § 4006 and M.D.C.Civ.R. 73.

## II.

■ Sheila M. further argues that if the preliminary order appealed from is interlocutory, and not a final judgment, then the Superior Court should have heard her appeal under an exception to the final judgment rule. "[E]xceptions to the final judgment rule are few, narrow and well-defined." *Maine State Employees Association*, 482 A.2d at 464; *see generally* 2 Field, McKusick & Wroth, *Maine Civil Practice*, §§ 73.2–73.4a (2d ed.1970 & Supp. 1981). The "death knell" exception to the final judgment rule, on which Sheila M. principally relies, permits appellate review of an interlocutory order "when failure to do so precludes any effective review or would result in irreparable injury." *Maine State Employees Association*, 482 A.2d at 464, quoting *Sears Roebuck & Co. v. Mackey*, 351 U.S. 427, 441, 76 S.Ct. 895, 902, 100 L.Ed. 1297 (1956). The death knell exception does not apply in this case.

Effective review of the District Court's action in issuing the section 4034 order is not precluded by requiring the court to hold a section 4035 final hearing prior to the matter becoming appealable. To the extent that the District Court's action in the preliminary proceedings may have affected its final disposition under section 4035, those actions are reviewable upon an appeal from the final order. *See In re Christopher C.*, 499 A.2d 163 (Me.1985).

Being deprived of custody to one's child is a substantial interruption of the parent-child relationship, but where it is for a period of limited duration, after hearing, where an additional hearing on the same essential issue is required to be and is scheduled at the earliest practicable time, the injury is not irreparable within the meaning of the death knell exception to the final judgment rule. Indeed, the decision of Sheila M. to appeal the preliminary order and the court's favorable ruling on her motion to continue the final hearing have delayed the final hearing long beyond its scheduled date. In those circumstances, the injury to Sheila M. cannot be said to be irreparable. *See Crafts v. Quinn*, 482 A.2d 825, 828 (Me.1984).

Neither the death knell exception nor any other exception to the final judgment rule applies to this case.

The entry is:

Judgment affirmed.

All concurring.