**In re ANDREA W.**

Supreme Judicial Court of Maine.

Argued Jan. 11, 1988.
Decided Feb. 23, 1988.

Pat Danisinka–Washburn, Skowhegan, Guardian Ad Litem.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, and CLIFFORD, JJ.

GLASSMAN, Justice.

By their appeal to the Superior Court, Somerset County, Andrea's parents challenged the child protection order entered by the District Court (Skowhegan), contending that the evidence was insufficient to support its finding, as required by 22 M.R.S.A. § 4035(2), and that its disposition order for the custody of Andrea was inconsistent with the provisions of 22 M.R.S.A. § 4036(2). The Department of Human Services (DHS) cross-appealed, contending that the District Court erred by not including in its findings of fact the proposed finding of DHS that Andrea had been placed in jeopardy by the mother's failure or inability to protect Andrea from actual or threatened sexual abuse. The Superior Court denied the appeal of the parents and affirmed the orders of the District Court. It granted the cross-appeal of DHS and remanded the matter to the District Court for the modification of its findings of fact to include the proposed finding of DHS. It is from this judgment that Andrea's parents appeal to this Court. We modify the judgment of the Superior Court to affirm the judgment of the District Court in all respects and, as so modified, affirm the Superior Court judgment.

We first address the parents' contention that the evidence is insufficient to support the District Court's finding that Andrea was in jeopardy. In order to remove or continue the separation of a child from the family household, the trial court must find by a preponderance of the evidence circumstances of jeopardy to the child. 22 M.R.S.A. § 4035(2) (Supp.1987); *In re Sabrina M.,* 460 A.2d 1009, 1017 (Me.1983). Jeopardy is defined as serious abuse or neglect as evidenced by serious harm or threat of serious harm. 22 M.R.S.A. § 4002(6)(A) (Supp.1987). We will not

Ted Susi (orally), Laney & Susi, Skowhegan, for Sharon W.

Michael A. Wiers (orally), Burky & Wiers, Hartland, for Keith W., Sr.

Carmen L. Coulombe (orally), Asst. Atty. Gen., Department of Human Services, Augusta, for appellee.

disturb a finding of the trial court unless the record reveals that the finding was clearly erroneous. *In re Merton R.*, 466 A.2d 1268, 1269 (Me.1983). In the instant case our review of the record discloses that the evidence is sufficient to support the District Court's finding that Andrea was in circumstances of jeopardy prior to her removal from the family household.

The parents next contend that the District Court's order awarding custody of Andrea to DHS was inconsistent with the dispositional principles set forth in 22 M.R.S.A. § 4036(2) (Supp.1987).[1] They argue that the court should have awarded custody to Andrea's mother or another family member and did not consider the best interests of the child. We disagree.

■ The primary goal of the dispositional principles is to protect the child from jeopardy. Placement with the parent, a secondary goal, is required only when it will not compromise the child's safety. In the instant case the record clearly supports the court's finding that Andrea would be in jeopardy if she lived with her mother in the same household as her father and a brother. The mother chose to remain with her husband and son. Accordingly, the circumstances of jeopardy would continue, and the court properly considered the requirement of section 4036(2)(A) in the custody arrangement. The parents' complaint that Andrea was not placed with another family member is unfounded. The record discloses the court's willingness to consider this alternative. The parents, however, offered no basis for the court to make such a custodial disposition. It is also clear from the record that the court carefully considered Andrea's best interests in the provision of its dispositional order. Accordingly, we hold the disposition order fully complied with the principles contained in section 4036(2).[2]

■ However, we agree with the mother's contention that the Superior Court erred in ordering the District Court to enter a finding that Andrea was placed in jeopardy as a result of her mother's failure or inability to protect Andrea from actual or threatened sexual abuse. The trial court found, *inter alia*, that 1) Andrea was sexually abused by her father and brother, 2) Andrea is threatened with further sexual abuse if she returns to live in the same household as her father and brother, and 3) Andrea's mother does not demonstrate the ability to protect Andrea from threat of sexual abuse so long as her mother lives with her husband and son. Based on its findings, the court concluded that Andrea "was in circumstances of jeopardy when removed from her home in December, 1985, and remains in jeopardy if custody is returned to her *parents* at this time." (Emphasis added).

We note in the first instance that on its cross-appeal to the Superior Court DHS did not contend that the findings made by the trial court were erroneous. Instead, the contention was that the trial court erred in not making a finding proposed by DHS. The record in this case clearly establishes that the trial court made all the findings necessary to support its decision and that those findings were amply supported by competent evidence. M.R.Civ.P. 52. The DHS does not contend, nor can it, that its proposed finding was necessary to the trial court's determination of this case. We have long recognized the principle that the trial court has the responsibility to assess the credibility of the witnesses and to find facts, and may reject the entire testimony of an uncontradicted witness. *See* R. Field,

---

1. 22 M.R.S.A. § 4036(2) provides:
   In determining the disposition, the court shall apply the following principles in this priority:
   A. Protect the child from jeopardy to his health or welfare;
   B. Give custody to a parent if appropriate conditions can be applied;
   C. Make disposition in the best interests of the child; and
   D. Terminate department custody at the earliest possible time.

2. Under the terms of the disposition order, the order is to be reviewed by the court within six months of its date or sooner if the circumstances warrant such review. *See* 22 M.R.S.A. § 4038 (Supp.1987).

V. McKusick & L. Wroth, 1 *Maine Civil Practice*, § 52.7 at 329 (2nd ed. Supp.1981).

Accordingly, the Superior Court erred in granting the cross-appeal of DHS.

The entry is: Judgment of the Superior Court modified to affirm the District Court judgment, and as so modified affirmed.

All concurring.