**In re DAVID W., Jr.**

Supreme Judicial Court of Maine.

Argued Nov. 17, 1989.
Decided Jan. 4, 1990.

Bruce C. Mallonee (orally) Rudman & Winchell, Bangor, for appellant.

Geoffrey Goodwin (orally), Asst. Atty. Gen., Dept. of Human Services, Bangor, for appellee.

Joseph L. Ferris (orally), Ferris, Dearborn & Willey, Brewer, for intervenors.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

CLIFFORD, Justice.

David W., Sr. and Linda W., the parents of David W., Jr., appeal from an order of the Superior Court (Penobscot County, *Chandler, J.*) affirming the decision of the District Court (Bangor, *Kravchuk, J.*) granting the Department of Human Services's petition for a final protection order protecting David W., Jr. pursuant to 22

M.R.S.A. §§ 4035, 4036 (Pamph.1989).[1] The parents contend that venue for the child protection proceeding was improperly laid in the District Court in Bangor. They further contend that the District Court erred in considering testimony presented at the preliminary hearing in issuing its final order; in determining that sufficient evidence of jeopardy to the child was presented to grant the petition; and in placing custody of the child with his maternal grandparents. Because we find no merit in any of their contentions, we affirm.

On May 6, 1988, the Department of Human Services ("Department") filed a petition for a child protection order, 22 M.R.S.A. § 4032 (Pamph.1989), accompanied by a request for a preliminary protection order under section 4034, seeking that David W., Jr. be placed in the custody of the Department. The petition alleged that the infant, born four days earlier at Eastern Maine Medical Center ("EMMC") in Bangor, was at risk of serious harm. The basis of the allegation was information provided by a Department worker and a pediatrician at EMMC that while in the care of Linda W., her one-year-old nephew, Brandon F., sustained serious injuries that required medical attention.[2] Based on those allegations regarding Brandon F., the District Court (Bangor, *Cox, J.*) issued an ex parte preliminary protection order placing David W., Jr. in the temporary custody of the Department. *See* 22 M.R.S.A. § 4034(2) (Pamph. 1989).

After a preliminary testimonial hearing on the petition, where testimony from the physician attending Brandon F. at the time of his injuries was presented, the District Court (Bangor, *Kravchuk, J.*) continued in effect the earlier preliminary protection order. *See* 22 M.R.S.A. § 4034(4). Subsequent to that hearing, the court entered an interim order placing David W., Jr. in the temporary custody of his maternal grandparents, James and Helga F., who had previously been granted permission to intervene in the child protection proceeding.

Several months later, at the final protection hearing held on December 20, 1988, the District Court (*Kravchuk, J.*) found by a preponderance of the evidence that David W., Jr. would be in circumstances of jeopardy if custody were to be given to his parents and ordered that he be placed in the permanent custody of his maternal grandparents. The parents appealed that order unsuccessfully to the Superior Court, pursuant to 22 M.R.S.A. § 4006 (Pamph.1989), and the appeal to this court followed.

■ The parents first contend that the District Court erred in denying their motion to change venue,[3] and in deciding that venue was properly laid at the time the within child protection petition was brought. Mere presence of the child is a sufficient basis for venue under 22 M.R.S.A. § 4031(2)(A), which provides that a child protection petition may be filed "in the district where the child legally resides or where the child is *present*." (Emphasis added.)[4] Four-day-old David W., Jr. was present at EMMC in Bangor at the time the petition was filed. Moreover, at the time of the final hearing, when the parents first raised their objection to venue, they, as well as the child, were residing within the Bangor court district. *See* M.R.Civ.P.

1. *See* 22 M.R.S.A. subch. IV, §§ 4031–4039 (Pamph.1989) concerning child protection proceedings.

2. On December 29, 1987, Brandon F. was admitted to Eastern Maine Medical Center ("EMMC") with numerous bruises over his entire body. He was admitted to EMMC a second time, on January 19, 1988, with similar injuries. The attending physician on the latter occasion noted that the symmetrical nature of the lesions indicated that the injuries were inflicted traumatically and not accidentally.

   Though David W., Sr. and Linda W. were unmarried at the time of the incidents, David

W., Sr. was present during the times that Linda cared for Brandon F. While they were the only people with access to Brandon F. at the time of his injuries, neither offered any plausible explanation for the injuries.

3. The parents sought to change venue to the District Court in Belfast in Waldo County where they maintained they resided at the time the petition was brought.

4. *See* 19 M.R.S.A. § 284 (1981) which provides that a paternity action may be brought where the alleged father is present.

12(h). The petition in this case was properly brought in the Bangor District Court.

■ The parents next contend that insufficient evidence was presented at the hearing on the final protection petition to warrant the District Court's finding of jeopardy. 22 M.R.S.A. § 4035(2).[5] Specifically, they maintain that evidence presented at the preliminary hearing on the protection petition should not have been considered by the court in making the later finding of jeopardy to David W., Jr. after the final hearing on the protection petition, even though the same judge presided at both hearings. We disagree. Under Section 4034(4), there is an entitlement to an evidentiary hearing on the issuance of a preliminary protection order, *see In re Erica B.*, 520 A.2d 342, 344 (Me.1987), and one was held here. It was at that hearing that evidence of injuries to Linda W.'s nephew while he was in her care was presented. While the statute does not provide specifically that testimony presented at the hearing on the preliminary protection order may be considered in deciding the disposition of the final protection petition, we have noted that the two proceedings are "unitary in nature, part of an overall statutory scheme designed to insure the protection of children...." *Id.* (construing 22 M.R.S.A. §§ 4034, 4035). The fact that a further hearing must be held prior to the court's issuance of a final protection order, 22 M.R.S.A. § 4035(1), does not necessitate that all the testimony presented earlier at the preliminary hearing be repeated at that second hearing. Since the hearing on the petition for a preliminary protection order was presided over by the same judge who presided at the final protection proceedings, the parents were adequately represented by counsel, and there was a full opportunity to examine the witnesses who testified at each hearing,[6] it was well within the court's discretion to take into consideration in its final protection order testimony presented at the preliminary hearing.

*See* M.R.Civ.P. 65(b)(2) (evidence taken at hearing on preliminary injunction becomes part of record and need not be repeated at trial on the merits).

■ The record supports the court's finding that the child would be in jeopardy if the parents were given custody. *In re Andrea W.*, 537 A.2d 596, 597 (Me.1988). That finding was based on evidence presented at the preliminary hearing that Linda W.'s nephew sustained serious injuries while in her care and in the presence of David W., Sr., and additional evidence presented at the final hearing that neither David W., Sr. nor Linda W. had acknowledged responsibility for nor taken any steps to address the problems manifested by that child's injuries. The father consistently refused to undergo a neurological evaluation that the evidence suggested might diagnose a serious disorder that could be treated, while the mother, who has had minimal contact with her child since birth, continued to refuse to offer any rational explanation for her nephew's injuries. The court's finding, supported by competent evidence, is not clearly erroneous. *In re Sabrina M.*, 460 A.2d 1009, 1014 (Me.1983) (citing *Harmon v. Emerson*, 425 A.2d 978, 982 (Me.1981)).

■ Finally, the parents argue that the court should not have given custody of the child to his maternal grandparents. 22 M.R.S.A. § 4036 grants wide discretion to the court in child protection proceedings concerning custody of the child, including the authority to grant custody of the child to persons other than the parents or the Department. 22 M.R.S.A. § 4036(1)(F). In placing the child with James and Helga F., the court followed the principles set out in section 4036(2), namely, "[p]rotect[ing] the child from jeopardy to his health and welfare," making a "disposition in the best interests of the child" and "[t]erminat[ing] department custody at the earliest possible time." 22 M.R.S.A. § 4036(2)(A), (C), (D). The placement of David W., Jr. in the cus-

---

**5.** Jeopardy is defined as serious abuse or neglect as evidenced by serious harm or threat of serious harm. 22 M.R.S.A. § 4002(6)(A) (Pamph.1989).

**6.** Though the parents were represented by different counsel at the preliminary and the final hearings, a transcript of the preliminary hearing was provided.

tody of his maternal grandparents was well within the court's discretion. *Andrea. W.,* 537 A.2d at 598.

The entry is: Judgment affirmed.

All concurring.