*1999 ME 174*

**In re ISAIAH B. et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 14, 1999.

Decided Nov. 24, 1999.

---

Jane Elizabeth Lee, Portland, Terri M. Kosoff, Westbrook, for appellants.

Andrew Ketterer, Attorney General, Leslie G. Clemons, Asst. Attorney General, John H. Hawkes, Asst. Attorney General, Augusta, for appellee.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1]  Karen and Timothy B., parents of four minor children, appeal from a jeopardy order entered in the District Court (Ellsworth, *Staples, J.*).  The court found continued jeopardy for their children and relieved the Department of Human Services (DHS) from any further efforts to reunify the family.  Because we agree with the parents that the court improperly gave preclusive effect to its factual findings and legal conclusions from an earlier preliminary protection order, we vacate the judgment.

[¶ 2]  The relevant facts may be summarized as follows: On May 30, 1997, DHS petitioned the court for a preliminary child protection order and a jeopardy order for the three children of Karen and Timothy B.: Zechariah, Joshua, and Isaiah.[1]  DHS

---

1. On December 3, 1997, a fourth boy, later named Elijah, was born to Karen and Timothy.  DHS again filed a petition for child protection order and an order of preliminary child protection.  The preliminary order was granted that day.  Both parents waived their

alleged that the three children had suffered bruises, black eyes, scratches, bumps, lost teeth, and broken bones at the hand of their father. In particular, Zechariah had suffered a fractured tibia. According to DHS, this was an injury that would have been painful and obvious. Nonetheless, the parents did not seek medical treatment for a lengthy period of time and were unable to explain the delay adequately.

[¶ 3] Based upon the allegations in the petition, the court, on an ex parte basis, entered a preliminary order that day. The hearing on that preliminary protection order, provided by 22 M.R.S.A. § 4034(4) (1992), was held on June 6, 1997, and completed on June 16, 1997.[2] Following the hearing, the court issued an order finding that returning the custody of the children to the parents would place them in immediate risk of serious harm. The court also made several factual findings to the effect that the injuries to the children were "either intentionally inflicted by harsh discipline or by the reckless conduct of one or the other of the parents," and that it did not accept the parents' explanation for failing to seek medical treatment for Zechariah. The court ordered custody of the children to remain with DHS.

[¶ 4] In September of 1998, the court held a hearing on the petition for a jeopardy order in accordance with 22 M.R.S.A. § 4035(1) (1992). At the hearing, DHS requested an order relieving it of its obligation to reunify the family. At the outset of the hearing, the court noted that it was giving preclusive effect to the factual findings made at the conclusion of the hearing on the preliminary protection order. The court refused to allow the parents to offer additional evidence that would challenge the findings of abuse made in the preliminary order. The jeopardy hearing was, therefore, confined to events occurring after the preliminary hearing. The court stated the relevant issue in the following terms:

> The issue before this Court, and the burden upon the Department to show, by a fair preponderance, is that ... *there is a continued jeopardy.* So, therefore, the Court is concerned only with what has happened since the last ... hearing. It's not necessary for the Department to further prove that there was abuse. That's already been found. The question now is, what has happened with reference to these parents in relation to their children and the Department *which either shows a continued jeopardy if the children are returned to them,* or not jeopardy if the children are returned to them. (Emphasis added.)

The parents properly preserved their objection to this ruling, and the hearing proceeded without the admission of any evidence to challenge the preliminary findings that the children had been abused and the parents had neglected to provide appropriate medical care.

[¶ 5] Following the jeopardy hearing, the court issued a memorandum of decision which DHS used to prepare an order that the court signed on November 10, 1998. In its memorandum, incorporated by reference in the order, the court found that: "There is *continued jeopardy* if the children are returned to the custody of either parent ...." (Emphasis added). The court also relieved DHS "of any further reunification efforts."

■■■ [¶ 6] On appeal, the parents contend that the court erroneously prevented them from challenging the preliminary order. The record readily confirms that the court believed that the findings contained in the preliminary order were res judicata. The court's reference to

---

right to a hearing on this second preliminary order. The *proceeding* concerning Elijah was joined with those of the other three children a month later.

2. The preliminary hearing has in the past been referred to as a "C–1 hearing" and the jeopardy or final hearing has been referred to as a "C–2 hearing."

"continued jeopardy"[3] and its refusal to admit evidence that would challenge these findings reflects the court's ruling that the preliminary order barred any further evidentiary exploration of those issues.[4] We review the court's "application of the [res judicata] doctrine for errors of law." *Blance v. Alley*, 1997 ME 125, ¶ 3, 697 A.2d 828, 829.

[¶ 7] In its discussions, the court repeatedly noted that the parents had a full opportunity to litigate the issue of abuse at the preliminary hearing. A full opportunity to litigate is necessary before an issue or a claim may be precluded, but that alone does not cause res judicata to attach. *See Machias Sav. Bank v. Ramsdell*, 1997 ME 20, ¶ 11, 689 A.2d 595, 599. No matter how full the opportunity to litigate may have been, it is not res judicata unless it resulted in a final judgment. *See Morton v. Schneider*, 612 A.2d 1285, 1286 (Me.1992).

[¶ 8] Interlocutory orders are not final judgments for the purpose of res judicata. *See Society of Lloyd's v. Baker*, 673 A.2d 1336, 1341 n. 6 (Me.1996). The preliminary order is interlocutory and not a final judgment. *See In re Erica B.*, 520 A.2d 342, 345 (Me.1987); 22 M.R.S.A. § 4034(2) (1992) ("A preliminary protection order shall automatically expire at the time of the issuing of a final protection order under section 4035."). The preliminary order does not finally determine any issues. Nor should it. The two hearings are part of a unitary statutory scheme. *See In re Erica B.*, 520 A.2d at 344. They decide fractionally different issues. At the preliminary hearing, the court must determine whether there is "an immediate risk of serious harm." 22 M.R.S.A. § 4034(2)

(1992). At the jeopardy hearing, the court determines "whether the child is in circumstances of jeopardy to his health or welfare." 22 M.R.S.A. § 4035(2) (1992). "Jeopardy" is defined as "serious abuse or neglect" which may be evidenced by various conduct that either causes "serious harm" or creates the "threat of serious harm" to the child. 22 M.R.S.A. § 4002(6) (1992).

[¶ 9] Though the factual determinations in each hearing are similar in nature, the hearings serve markedly different purposes. DHS is required by statute to intervene quickly to protect children. The Department's authority is not unchecked; the preliminary hearing provides parents an opportunity to obtain immediate court intervention and the return of their children by demonstrating that DHS has misjudged the immediacy of the risk of harm. The jeopardy hearing, on the other hand, provides the parties and the court with the opportunity to revisit the issue of jeopardy after both sides have had a greater chance to prepare their case. Thus, the jeopardy hearing allows the court to "make a more informed disposition of the underlying child protection petition." *In re Erica B.*, 520 A.2d at 344.

[¶ 10] In the present case, the court's ruling prevented the parents from being fully heard on the central issue in the case: whether their children would be in jeopardy if the family were reunified. This is a significant error that affected the entire proceeding and distorted the manner in which the parents' testimony was received. Because, in the court's opinion, the preliminary order conclusively determined the facts of the case, parental chal-

---

3. The statutory standard for a jeopardy hearing is "jeopardy," not "continued jeopardy." *See* 22 M.R.S.A. § 4035(2) (1992).

4. Maine uses a transactional test of whether the same cause of action is presented in two separate proceedings: "The measure of a cause of action is the aggregate of connected operative facts that can be handled together

conveniently for purposes of trial." *Camps Newfound/Owatonna Corp. v. Town of Harrison*, 1998 ME 20, ¶ 11, 705 A.2d 1109, 1113. The same cause of action is present in both hearings. *See In re Erica B.*, 520 A.2d 342, 345 (Me.1987) (holding that the preliminary and jeopardy hearings decide "the same essential issue").

lenges to those facts were viewed as evidence of the parents' failure to rationally evaluate whether their children were endangered.

[¶ 11] We emphasize, however, that our holding in this case does not alter our existing precedent regarding the use of *evidence* from the preliminary hearing. Although the court must make a fresh determination of the issues at the jeopardy hearing, it is nonetheless free to consider the evidence presented at the preliminary hearing. *See In re David W.*, 568 A.2d 513, 515 (Me.1990) (holding that evidence presented at the preliminary hearing may be relied upon if the same judge presided over both hearings, the parties were adequately represented by counsel at both proceedings, and there was a full opportunity to examine the witnesses at both proceedings). Further, the parties need not present evidence at the jeopardy hearing that was admitted at the hearing on the preliminary petition, and the court may limit the presentation of evidence to prevent needless repetition and duplication. *See* M.R. Evid. 403.

The entry is:

Jeopardy order vacated. Remanded to the District Court for further proceedings consistent with the opinion herein.

