MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:     2018 ME 151
Docket:       Cum-18-126
Argued:       September 11, 2018
Decided:      November 15, 2018

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

GUARDIANSHIP OF DAVID P.

JABAR, J.

[¶1]   David P. appeals from a judgment of the Cumberland County Probate Court (*Mazziotti, J.*) appointing the Department of Health and Human Services as his limited public guardian pursuant to 18-A M.R.S. § 5-601 (2017). The Probate Court did not make any findings of fact in its final order,[1] and David did not request findings of fact pursuant to M.R. Civ. P. 52(a) after the Probate Court entered its judgment. *See* M.R. Prob. P. 52 (providing that M.R. Civ. P. 52 applies in probate proceedings). Accordingly, we will assume that the trial court made all of the factual findings, to the extent those assumed facts are supported by competent record evidence, to support its judgment. *See Ehret v.*

---

[1]   Findings of fact are not required in this context; they are only mandatory upon request by a party. *See* 18-A M.R.S. § 5-304(c) (2017) ("In its order, the court may make separate findings of fact and conclusions of law. If a party requests separate findings and conclusions, within 5 days of notice of the decision, the court shall make them.").

2

*Ehret*, 2016 ME 43, ¶ 9, 135 A.3d 101; *Gehrke v. Gehrke*, 2015 ME 58, ¶ 8, 115 A.3d 1252.

[¶2]  David contends that there was insufficient evidence to support the Probate Court's decision and that the Probate Court erred when it admitted in evidence a written report drafted by a psychologist.  Although we agree that the Probate Court erred by admitting the psychologist's written report, we conclude that the error was harmless and that there was sufficient competent evidence in the record to support the Probate Court's decision.  Therefore, we affirm the Probate Court's judgment.

## I.  BACKGROUND

[¶3]  In August 2017, the Department filed a petition for a public guardian to be appointed for David.  *See* 18-A M.R.S. § 5-303 (2017).  A one-day trial was held on February 22, 2018, where the Probate Court heard testimony from four witnesses, including a psychologist.  The following facts are taken from the testimony of the witnesses at trial and are not contested on appeal.

[¶4]  Roughly a month before trial, the Department hired a clinical psychologist to evaluate David.  The psychologist performed a one-hour evaluation of David on January 22, 2018.  During his evaluation, the psychologist performed cognitive tests on David that indicated the presence of

dementia, but the psychologist was unable to determine the degree of dementia present.  Following his evaluation and a review of multiple medical reports, the psychologist rendered his opinion, in which he concluded that David needed a guardian.  The psychologist testified that he came to this conclusion

> not based on my immediate interview with [David], but rather based on the . . . medical history . . . and the condition of deterioration of his health and his hygiene when he's on his own. . . . [S]o my conclusion that [David] needed a guardian is because of the . . . repetitive history of really falling into a serious medical crisis as a result of failure to take care of himself.

In conjunction with this testimony, the Department offered the psychologist's written report in evidence, and it was admitted over David's objection.  The Probate Court entered a judgment appointing the Department as David's limited public guardian, and David brought this timely appeal.

[¶5]  In this appeal, David raises two issues: (1) whether the Probate Court erred by admitting the psychologist's written report and (2) whether there was sufficient evidence to support the Probate Court's decision.  Because we conclude that there was more than sufficient evidence to support the Probate Court's appointment of a limited public guardian for David, we discuss only the issues surrounding the Probate Court's admission of the psychologist's written report.

## II. DISCUSSION

### A.    Admissibility of the Psychologist's Written Report

[¶6]   David asserts that the Probate Court erred by admitting the psychologist's written report in violation of the rule against hearsay. *See* M.R. Evid. 802.  The Department contends that the record was properly admitted under M.R. Evid. 703, and argues that, even if the report had been improperly admitted, it would nonetheless constitute harmless error. *See* M.R. Civ. P. 61; M.R. Prob. P. 61.  Trial courts have broad discretion in determining the admissibility of evidence. *State v. Fox*, 2017 ME 52, ¶ 29, 157 A.3d 778.  We review a trial court's ruling to admit or exclude alleged hearsay evidence for an abuse of discretion. *Walton v. Ireland*, 2014 ME 130, ¶ 12, 104 A.3d 883.  "[W]e will find an abuse of discretion if a party can demonstrate that the trial court exceeded the bounds of the reasonable choices available to it." *Fox*, 2017 ME 52, ¶ 29, 157 A.3d 778 (quotation marks omitted).

[¶7]   David's appeal focuses upon the admission of the psychologist's written report and not on the admission of his expert opinion relating to David's incapacity.  Rule 703 allows the Department to present an expert's opinion, but it does not necessarily permit the admission of the underlying facts and data that supports the expert's opinion.

[¶8]   In *Henriksen v. Cameron*, 622 A.2d 1135, 1143 (Me. 1993), we addressed a similar question concerning the operation of Rule 703 where an expert witness offered testimony that, in his own expert opinion, Henriksen was suffering from post-traumatic stress syndrome.   The expert further testified that he consulted with another psychiatrist who had "prepared a diagnostic evaluation that agreed with his opinion on virtually all aspects of the case."[2] *Id.* (quotation marks omitted).  Pursuant to Rule 703, this testimony was admitted over a hearsay objection.  *Henriksen*, 622 A.2d at 1143.  Finding that the trial court erred in admitting this evidence, we reasoned:

> Pursuant to Rule 703, [the expert] could testify that he relied on [the other psychologist's] report in order to establish the factual foundation necessary for the admissibility of his opinion. Testimony regarding the *substance* of [the other psychologist's] report, however, is not necessary to establish factual foundation under Rule 703 and remains hearsay not within any exception. Rule 703 does not make the substance of [the other psychologist's] report admissible and, therefore, admitting [the expert's] testimony about the substance of the report was error.

*Henriksen*, 622 A.2d at 1144.

[¶9]  Here, the psychologist testified to his opinion without objection, but David objected to the admission of the psychologist's written report.  The

---

  [2]  Following this testimony, the psychologist's report was referenced two additional times: once on direct-examination and once during closing arguments.  *Id.* at 1143-44.

6

Probate Court admitted the written report in evidence, stating that it believed that the written report was "not hearsay." Notwithstanding the fact that the psychologist was testifying, his written report's extensive quotations of other medical reports evaluating David's condition constituted multiple levels of hearsay because those statements were made out of court and the report was offered to prove the truth of those statements. *See* M.R. Evid. 801(c), 805; *see also Malenko v. Handrahan*, 2009 ME 96, ¶¶ 9, 35, 979 A.2d 1269 (holding that the written report of an expert who testified at a divorce proceeding was inadmissible hearsay evidence); *Handrahan v. Malenko*, 2011 ME 15, ¶ 16 n.3, 12 A.3d 79 (explaining that a report containing multiple levels of hearsay could not be admitted under Rule 703 or as a business record without redacting the hearsay statements that did not fall within an exception to the hearsay rule (citing *In re Soriah B.,* 2010 ME 130, ¶ 19, 8 A.3d 1256)).

[¶10] In support of its position on appeal, the Department relies on *In re Soriah B.* for the proposition that the psychologist's written report could be admitted as an expression of his expert opinion. The Department's reliance on this case is misplaced, as was its interpretation of Rule 703 in *In re Soriah B.*:

> The Department incorrectly reads [Rule 703] to render an expert's entire written report admissible, as long as the expert testifies. The Rule does not, however, authorize a fact-finder to consider hearsay communications contained in an expert's report

> for their truth. The Rule simply allows the admission of an expert *opinion*, even when that opinion is based on information that would be considered hearsay in an adjudicatory proceeding. The Rule does not render admissible *the hearsay that formed the basis for the opinion*.

2010 ME 130, ¶ 19, 8 A.3d 1256 (citations omitted). In *In re Soriah B.*, we upheld the trial court's admission of a written psychological report because the court explicitly indicated that it would not consider any hearsay contained within the report and that it would rely only on the report as an expression of the expert's opinion. *Id.* ¶¶ 21-22 ("Because the court admitted the psychological evaluation report and the discharge summary as expressions of the testifying experts' opinions, subject to the mother's objections to the consideration of any hearsay information for its truth, the court did not err in applying Rule 703 . . . ."). Unlike in *In re Soriah B.*, in this case, there was no indication that the Probate Court would not consider any hearsay contained in the psychologist's written report. To the contrary, the Probate Court seemed to indicate that it believed the written report was not hearsay at all because it was the psychologist's own report.

[¶11] Put succinctly, Rule 703 permits an expert's own opinion to be based on inadmissible facts and data, but it does not make those facts and data themselves admissible. *See In re Soriah B.*, 2010 ME 130, ¶¶ 19-21, 8 A.3d 1256;

*Henriksen*, 622 A.2d at 1143-44; *see also* Field & Murray, *Maine Evidence* § 703.2 at 399 (6th ed. 2007) ("An expert opinion does not become the vehicle to convey inadmissible hearsay evidence into the trial for direct consideration and analysis by the jury."). Because it was error for the Probate Court to admit the psychologist's written report, we must now consider whether such error was harmless.

B.     Harmless Error

[¶12]  "A trial court ruling, even if in error, will not result in vacating the judgment if the error was 'harmless'—that is, if the error did not result in substantial injustice or affect substantial rights." *In re Evelyn A.*, 2017 ME 182, ¶ 39, 169 A.3d 914. In this case, the admission of the psychologist's entire report was not critical to his role as a witness. The psychologist's testimony echoed the opinions and findings in his report, making the report itself duplicative evidence. *See Henriksen*, 622 A.2d at 1144; *see also In re Elijah R.*, 620 A.2d 282, 285-86 (Me. 1993) (holding that a trial court erred by admitting inadmissible hearsay evidence, but the error was harmless because the inadmissible evidence was duplicative of other sources in the record). Furthermore, there was additional evidence in the record, outside of the inadmissible hearsay evidence in the psychologist's report, that supported the

Probate Court's guardianship appointment. *See Guardianship of Smith*, 2011 ME 51, ¶ 8, 17 A.3d 136 ("[E]ven if we assume that some of this evidence was improperly admitted based on the Maine Rules of Evidence, the abundance of other evidence supporting the court's guardianship appointment renders any such error harmless.").

[¶13]  In conclusion, the Probate Court erred by admitting the psychologist's report in its entirety; however, the evidence was duplicative of other record evidence, and therefore the error was harmless and does not require vacating the underlying judgment.

The entry is:

Judgment affirmed.

---

James S. Hewes, Esq. (orally), South Portland, for appellant David P.

Janet T. Mills, Attorney General, and Cody M.P. Hopkins, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Cumberland County Probate Court docket number 2017-1182
FOR CLERK REFERENCE ONLY