MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2022 ME 51
Docket:        Ken-22-54
Submitted:
 On Briefs:    September 21, 2022
Decided:       October 25, 2022

Panel:         STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

ADULT GUARDIANSHIP AND CONSERVATORSHIP OF T.

MEAD, J.

[¶1]  T. appeals from a judgment entered by the Kennebec County Probate Court (*E. Mitchell, J.*) appointing the Department of Health and Human Services as T.'s adult guardian and conservator pursuant to 18-C M.R.S. §§ 5-301, 5-401(2) (2022).  T. contends that the court erred in determining that the emergency and final hearings on the Department's petition constituted a unified proceeding, and therefore erred in considering evidence admitted at the emergency hearing when ordering a full guardianship and conservatorship following the final hearing.  We conclude that the guardianship statutes create a unified proceeding and affirm the judgment.

2

## I. BACKGROUND

[¶2]   The procedural facts are drawn from the record; the substantive facts are drawn from the court's judgment and its order granting the parties' motions for further findings of fact.[1]

[¶3]   On November 3, 2021, the Department filed a petition for appointment of a full guardian and conservator for T. in the Kennebec County Probate Court.   18-C M.R.S. §§ 5-301, 5-302, 5-401(2), 5-402 (2022).   The petition also requested the appointment of an emergency guardian and conservator.  18-C M.R.S. §§ 5-312, 5-413 (2022).  By affidavit, the Department stated that T., age eighty-six, had been admitted to Maine General Medical Center following "another fall" and was "not safe at home"; that a placement had been identified, but because T. "[did] not possess the insight or cognition to give informed consent, nor the capacity to seek out or to make decisions regarding her basic needs," a guardian was necessary to secure admission to the placement; and that Dr. Rebecca Spear, a geriatric medicine attending physician at Maine General, had executed a form PP-505 (physician's report for guardianship/conservator proceedings) on September 17, 2021, stating that

---

[1] Because T. and the Department moved for further findings pursuant to M.R. Civ. P. 52(b), we will consider only the "express factual findings" made by the Probate Court and will not "assume that [the court] found all of the facts necessary to support its judgment." *Ehret v. Ehret*, 2016 ME 43, ¶ 9, 135 A.3d 101; *see* M.R. Prob. P. 52.

T.'s cognitive function was not expected to improve and that she would "need more assistance over time." 18-C M.R.S. §§ 5-306, 5-407 (2022). The PP-505 signed by Dr. Spear was filed with the court along with the petition.

[¶4] The following day, the court (*Avantaggio, J.*), citing in part the PP-505, entered orders appointing a visitor and appointing the Department as T.'s emergency guardian and conservator. 18-C M.R.S. §§ 5-304, 5-312, 5-405, 5-413 (2022). The court (*E. Mitchell, J.*) subsequently appointed counsel and held an evidentiary emergency review hearing on November 18, 2021, after T. objected to the emergency guardianship. 18-C M.R.S. §§ 5-305, 5-312(4), 5-406, 5-413(4) (2022). Dr. Spear, T., and several other witnesses testified at the emergency hearing. Following the hearing, the court ordered that the emergency appointment continue pending a final hearing.

[¶5] The court held a final hearing on January 18, 2022. 18-C M.R.S. §§ 5-303, 5-403 (2022). Several of the witnesses who testified at the emergency hearing testified again, and the court also heard testimony from additional witnesses. Dr. Spear did not testify at the final hearing. The following day, the court entered a judgment granting the Department's petition for a full guardianship and conservatorship. *See* 18-C M.R.S. §§ 5-301, 5-401(2).

4

[¶6]  T. and the Department each moved for additional findings of fact and conclusions of law pursuant to M.R. Civ. P. 52(b).  *See* M.R. Prob. P. 52.  The court granted the motions and made additional findings, including the following:

> Testifying at the [emergency] hearing was Rebecca Spear, D.O., who testified that [T.] suffers from a major neurocognitive disorder and has prominent short term memory loss and recommended a state appointed guardian.

> The PP-505 Physician's Report completed by Dr. Spear was admitted into evidence.

> . . . .

> All evidence admitted at the emergency review hearing and final hearing was properly admitted for both hearings.  The two hearings were unitary and all evidence was heard by a single judge.

[¶7]  T. timely appealed from the court's judgment.  *See* M.R. App. P. 2B(c).

## II.  DISCUSSION

[¶8]  T. contends that the court erred in granting the Department's petition because there was no medical evidence properly before the court at the final hearing that would allow it to find by clear and convincing evidence that the Department had met its burden to prove the elements in 18-C M.R.S. §§ 5-301(1)(A) and 5-401(2) for the appointment of a guardian and conservator.  *See* 18-C M.R.S. §§ 5-310(1), 5-411(2) (2022).  T. argues that in

entering its judgment the court should not have considered Dr. Spear's testimony given at the emergency hearing because (1) to do so violated 18-C M.R.S. § 5-312(5); and (2) the court's legal conclusion that the two hearings were part of a unified proceeding was erroneous, and so Dr. Spear's testimony was hearsay when considered at the final hearing. We conclude that both contentions are incorrect.

## A.    Section 5-312(5)

[¶9]    Title 18-C, section 5-312(5) provides: "Appointment of an emergency guardian under this section is not a determination that the conditions required for appointment of a guardian under section 5-301 have been satisfied." T. asserts that this provision bars consideration of evidence admitted during the emergency hearing at a final hearing on a guardianship petition. That is not what the statute says, however.

[¶10]    The plain language of section 5-312(5) says only that the appointment of an emergency guardian does not, ipso facto, satisfy the petitioner's burden of proof under section 5-301. *See State v. Beeler*, 2022 ME 47, ¶ 18, 281 A.3d 637 ("In interpreting a statute, our single goal is to give effect to the Legislature's intent in enacting the statute. To determine that legislative intent, we first look to the plain language of the provision to

6

determine its meaning." (alterations and quotation marks omitted)).   The

statute is silent concerning the evidence a court may consider in ultimately

determining whether the section 5-301 criteria have been met.

[¶11]   Here, the court held a final hearing on the petition at which the

Department was required to prove its case before the court "determin[ed] that

the conditions required for appointment of a guardian under section 5-301

[had] been satisfied."  18-C M.R.S. § 5-312(5).  That is all the statute required.

The court did not substitute the emergency hearing for the final hearing; rather,

it held a separate and distinct final hearing, following which it considered the

totality of the evidence admitted at both hearings before determining that the

Department had met its burden of proof.

## B.    Unified Proceeding

[¶12]   T. does not claim that Dr. Spear's testimony and report[2] were

insufficient to allow the court to find that the statutory criteria for appointment

of a guardian and conservator had been proved.  *See* 18-C M.R.S. §§ 5-301(1)(A),

5-401(2).  T. asserts only that the court could not consider Dr. Spear's testimony

---

[2] As the Department acknowledges, the court incorrectly found that the PP-505 physician's report completed by Dr. Spear was admitted in evidence at the emergency hearing, although it had been filed with the Probate Court when the Department filed its petition.  Because Dr. Spear testified at the emergency hearing that she submitted a PP-505 report to the court concerning her examination of T., and then testified and was cross-examined at length about its findings and conclusions, the error is harmless.  *See Guardianship of David P.*, 2018 ME 151, ¶ 12, 196 A.3d 896; M.R. Civ. P. 61.

because it was given at the emergency hearing and "constituted inadmissible hearsay . . . during the final hearing."  In this case of first impression, we conclude that the court correctly determined that the two hearings were part of a unified proceeding, and so the single judge who heard all the evidence properly considered it when reaching a decision on the Department's petition.

[¶13]  "We review questions of law de novo, and the Probate Court's factual findings for clear error."  *Guardianship of Donovan C.*, 2019 ME 118, ¶ 9, 212 A.3d 851 (citations omitted).  Were this a child protection proceeding, there would be no question that the same judge who actually heard the evidence presented at an emergency hearing on a petition filed by the Department could consider that evidence at a later hearing because the child protection process is "a unified process."  *In re Heather C.*, 2000 ME 99, ¶ 6, 751 A.2d 448; *see In re Leona T.*, 642 A.2d 166, 168 (Me. 1994) (noting "the unitary nature" of hearings on preliminary and final child protection orders); *In re David W.*, 568 A.2d 513, 515 (Me. 1990) (same); *In re Scott S.*, 2001 ME 114, ¶ 12, 775 A.2d 1144 ("When the trial judge has actually heard the evidence presented in prior stages of a child protection proceeding, that judge may consider the evidence in the following stages because the process is, in fact, a unified proceeding.").

[¶14]  A child protection proceeding is unified because in commencing that proceeding, "[i]f the court finds by a preponderance of the evidence . . . that there is an immediate risk of serious harm to the child" it may issue "[a] preliminary protection order [that] automatically expires at the time of the issuing of a final protection order."  22 M.R.S. § 4034(2) (2022).  The preliminary order may be challenged at a summary hearing that must be held within fourteen days.  22 M.R.S. § 4034(4) (2022).  We have noted that "[t]he statutory procedure leads to and ultimately focuses on a final hearing," where "a later, wholly dispositive, determination [is] made on the same petition . . . with all parties having adequate time to prepare and present evidence on [its merits]."  *In re Erica B.*, 520 A.2d 342, 344 (Me. 1987).  "[T]he protection of and best interests of the child are the paramount considerations in both such hearings.  The preliminary proceeding is subordinate to the final hearing and is designed to offer preliminary protection . . . until the parties and the court can marshal the resources to make a more informed disposition of the underlying . . . petition."  *Id.*

[¶15]  Thus, we have reasoned, preliminary and final hearings in a child protection case are "unitary" in nature.  *Id.* at 344-45 (holding that because a child protection proceeding is unitary, preliminary orders are interlocutory);

*see In re Charles G.*, 2001 ME 3, ¶ 3, 763 A.2d 1163 (noting that child protection proceedings are "ongoing" and noting their "unitary nature" (quotation marks omitted)); *In re David W.*, 568 A.2d at 515 (stating that a child protection proceeding is "unitary in nature, part of an overall statutory scheme" (quotation marks omitted)). For that reason, the fact that a final hearing is required "does not necessitate that all the testimony presented earlier at the preliminary hearing be repeated at that second hearing."[3] *In re David W.*, 568 A.2d at 515; *see In re Charles G.*, 2001 ME 3, ¶ 3, 763 A.2d 1163. In *David W.*, we concluded that

> [s]ince the hearing on the petition for a preliminary protection order was presided over by the same judge who presided at the final [hearing], the [parties] were adequately represented by counsel, and there was a full opportunity to examine the witnesses who testified at each hearing, it was well within the court's discretion to take into consideration in its final . . . order testimony presented at the preliminary hearing.

568 A.2d at 515 (footnote omitted).

---

[3] We have held that a child protection case is a unified proceeding and evidence presented at a summary preliminary hearing may be considered at a later jeopardy hearing even though the trial court is required by statute—similar to the requirement of 18-C M.R.S. § 5-312(5) in a guardianship case—to "make a fresh determination of the question of jeopardy and may not give preclusive effect to the findings of fact made at the conclusion of the [summary preliminary] hearing." 22 M.R.S. § 4035(2)(A) (2022); *In re Isaiah B.*, 1999 ME 174, ¶ 11, 740 A.2d 988 ("Although the court must make a fresh determination of the issues at the jeopardy hearing, it is nonetheless free to consider the evidence presented at the preliminary hearing.").

[¶16] The statutory requirements following the Department's filing of a petition for a guardianship and conservatorship are functionally the same in purpose and procedure as they are in a child protection proceeding. When the Department so requests, the court may appoint an emergency guardian for a limited time and with limited authority if it finds that "substantial harm" to the person subject to the guardianship would otherwise result, and the court must hold a preliminary hearing on the emergency appointment within fourteen days if the person objects. 18-C M.R.S. § 5-312(1)-(2), (4).

[¶17] The court may then order a full guardianship only if it finds, following a final hearing at which the person is represented by counsel, that the Department has met its burden to prove by clear and convincing evidence the criteria set out in section 5-301(1)(A). 18-C M.R.S. §§ 5-301(1), 5-303(1), 5-305, 5-307(1), (4), 5-310(1) (2022). As in a child protection proceeding, the "statutory procedure leads to and ultimately focuses on a final hearing" where "a later, wholly dispositive, determination [is] made on the same petition" and "the protection of and best interests of the [subject of the petition] are the paramount considerations in both . . . hearings." *In re Erica B.*, 520 A.2d at 344. In both the child protection and adult guardianship processes, "[t]he

preliminary proceeding is subordinate to the final hearing and is designed to offer preliminary protection." *Id.*

[¶18]  Because our reasoning in child protection cases is equally applicable to guardianship cases, we reach the same result and hold that when the trial judge in a guardianship and conservatorship proceeding has actually heard the evidence presented in prior stages of the proceeding, that judge may consider the evidence in later stages because the process is a unified proceeding.  *See In re Scott S.*, 2001 ME 114, ¶ 12, 775 A.2d 1144.  "When a different trial judge presides at a later stage of the process, that trial judge may not rely on the evidence presented to the prior judge, but may consider and rely on the findings of fact and conclusions of law contained in the orders or judgments entered by the prior judge." *Id.* (emphasis omitted).

[¶19]  Accordingly, the trial judge who heard all the evidence in this matter did not err in relying on Dr. Spear's testimony at the emergency hearing following the final hearing.

The entry is:

Judgment affirmed.

12

Stephen C. Smith, Esq., and John E. Baldacci, Jr., Esq., Steve Smith Trial Lawyers, Augusta, for appellant T.

Aaron M. Frey, Attorney General, and Cody M.P. Hopkins, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Kennebec County Probate Court docket number 2021-0680
FOR CLERK REFERENCE ONLY