## BARKER *versus* FOGG & *al.*

In a suit between individuals, the public records of a city, of the location or alteration of its streets, may be used as evidence.

Such records furnish evidence of the facts, of which they speak, equal to ordinary testimony given under the obligation of an oath.

Thus, where it became material for a party to show *at what time* a public street was *actually* widened; *Held*, competent to introduce the records of the city to prove at what time the widening was *authorized*.

Barker *v.* Fogg.

In such a case, in the absence of opposing evidence, it is allowable for the jury to infer, that the *actual* widening was not made until *after* the same was duly *authorized.*

ON EXCEPTIONS from *Nisi Prius,* TENNEY, J. presiding.

TRESPASS QUARE.

The verdict was for plaintiff, and the defendants excepted.

*Rowe & Bartlett,* for the plaintiff.

*Appleton* and *Moody,* for the defendants.

WELLS, J. — It became material to a full understanding of the evidence introduced at the trial, to ascertain the time when the street, on which a corner stone had been placed as a boundary, was widened. The defendants offered the records of the city of Bangor in relation to the alteration of the street in evidence, to show when it took place, but they were not received.

The city has power to lay out and alter streets; such acts are of a public nature, the whole community are interested in them, and those who perform and record them are the agents and servants of the public. Such public officers discharge their respective duties under the sanction of their official oaths. The records are the evidence of the facts of which they speak, and they are required to perpetuate the knowledge of them; they are equal to ordinary testimony given under the obligation of an oath, and in relation to remote events, they are more satisfactory than the recollection of witnesses. As they are of a public nature, they are open to all, and they may be introduced in evidence whenever the interest of any one requires an exhibition of the facts which they contain. It is on account of their public character and bearing, that any one may resort to them as a justification for the appropriate use of the land over which streets and highways are located, and the same reason would authorize their introduction to establish the truth amid conflicting testimony, in the ordinary investigation of facts. 1 Greenl. Ev. § 483; 1 Stark. Ev. 230; *Merriam* v. *Mitchell,* 13 Maine,

456; *Sumner* v. *Sebec*, 3 Greenl. 223; *Owing* v. *Speed & al.* 5 Wheat. 420.

It is true the records would only show a legal authority for the alteration, and not when in fact the street was made wider. It might have been done by the owners of the land, before any action was had by the city in relation to it, yet the inference might be fairly drawn, in the absence of any opposing proof, that it was made wider after such action. The plaintiff would be at liberty to repel such inference by showing when the street was actually widened.

SHEPLEY, C. J., RICE and HATHAWAY, J. J. concurred.

*Exceptions sustained and new trial granted.*