ISAAC W. GREENE *vs.* AUGUSTUS B. MARTIN.

Franklin.   Opinion March 1, 1906.

*Assessment of Road Tax. Non-payment of Road Tax. Tax Sale. "Prima Facie Proof of Title." Evidence. R. S., (1883) c. 6, § 83.
R. S., c. 9, § 61.*

1. By virtue of Revised Statues, chapter 9, section 61, a prima facie title in a party claiming under a tax sale for non-payment of road taxes assessed upon lands in unincorporated places is made out by producing in evidence the county treasurer's deed duly executed and recorded, the assessment signed by the county commissioners and certified by them or their clerk to the county treasurer, and by proving that the county treasurer complied with the requirements of law in advertising and selling.

2. Upon the issue whether the county treasurer did comply with the requirements of the law, his record of his doings made as a public officer, at or near the time, upon the public books of the office, is admissible in evidence.

3. Such record, however, is not the only evidence admissible upon that issue. Other evidence, such as the testimony of the treasurer and of other witnesses having knowledge of what was done, is also admissible.

4. To establish his title under the statute above cited, it is not necessary for the claimant under the tax sale to affirmatively prove (1) that the agent appointed to expend the money on the roads gave the bond required by law, or (2) that the sum assessed was expended on the roads, or (3) that the land owners themselves had not repaired the roads and so superseded the tax, or (4) that the sum assessed was ordered to be expended on the roads, or (5) that the agent in fact repaired the roads.

5. It is not essential to a valid assessment of a road tax upon lands in unincorporated places that the commissioners should specifically in terms assert in their record and certificate of assessment (1) that the divisions they made of the townships and tracts " were equitable, conforming as nearly as was convenient to known divisions or ownerships," or (2) that the sum so assessed was " proportionate to the value thereof," or (3) that it was not burdensome on the land owners to assess all the repairs on them instead of part on the county. It is enough if their findings to such effect can be inferred from their action.

6. It is not necessary to a valid assessment of such a tax that it should be expressly stated in terms that the roads for repairs of which the assessment is made are in the county. It is enough if that fact appears from the whole assessment.

7. In this case the defendant claiming under a tax sale of the demanded lot produced the evidence made sufficient by the statute to establish a prima facie title. This evidence was uncontradicted, and, as above stated, the objections made to the other proceedings of the commissioners, the agent, etc., did not vitiate the assessment or sale.

On report. Judgment for defendant.

Real action to recover parts of two lots of land in an unincorporated township, No. 3, R. 2, B. K. P., known as Jerusalem Township, in Franklin County, and sent to the Law Court on report. The land sued for had been sold for non-payment of a tax assessed for repairing county roads in the unincorporated townships and tracts of land in Franklin County, and the defendant was the purchaser at the tax sale. The proceedings relating to the assessment and sale were in accordance with the provisions of what are now sections 58, 59, and 60 of chapter 9 of the Revised Statutes. The decisive question in the case was whether or not the defendant made out a "prima facie proof of title" under the provisions of section 83, chapter 6, R. S. 1883, now section 61, chapter 9, R. S. 1903.

The case appears in the opinion.

*Elmer E. Richards,* for plaintiff.

*P. H. Stubbs and H. M. Heath,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, POWERS, JJ.

EMERY, J. This is a real action to recover parts of two 'lots of land in an unincorporated township, No. 3, R. 2, B. K. P., known as Jerusalem Township in Franklin County, and comes before the law court on report. The defendant claims title under a tax sale for non-payment of a tax assessed upon the lots for the repairing county roads in the unincorporated townships and tracts of land in that county. The parties agree that the decisive question in the case is whether the defendant has made out a "prima facie proof of title" under the law in force at the time. R. S. (1883) ch. 6, sec. 83 — now R. S., ch. 9, sec. 61.

He has produced in evidence "the treasurer's deed duly executed and recorded, the assessment signed by the county commissioners, and certified by them or their clerk to the county treasurer," and also the treasurer's record and other evidence "to prove that the county treasurer complied with the requirements of the law in advertising and selling."

As to the treasurer's record, the statute does not in terms require the county treasurer to make and keep a record of his doings in advertising and selling lands for the non-payment of such assessments, but that circumstance does not exclude the record as evidence. The duties of the county treasurer could not be adequately performed without his keeping a permanent record of these transactions (advertising and selling lands for non-payment of taxes) and such record, therefore, if kept, must be considered as an official book and must be receivable as evidence on that basis. *Groesbeck* v. *Seeley*, 13 Mich. 329. In Wigmore on Evidence, sec. 1639, it is said that wherever there is an official duty to do, there is also a duty to record the thing done, and such record is admissible as evidence. The record made by the county treasurer in this case is not a mere private, personal memorandum made for his own private use. It is a public record, made by an official of his official doings upon the public books of his office, for the use of the office and the public. It may not be conclusive evidence of the matters recited,

but it is admissible as some evidence of them as between third parties. *Corinna* v. *Hartland*, 70 Maine, 355.

Indeed, the plaintiff in his argument makes no objection to the consideration of the record as evidence so far as it goes, but insists that it does not show that all the requirements of the law were complied with and objects to a proposed addition to it by way of amendment. The defendant, however, is not confined to the record for his evidence. There is no statute that the compliance with the requirements of the law shall be established only by the record. Other evidence is not excluded. Hence the treasurer's proceedings can be proved by any other competent evidence. Other additional and competent evidence was produced and it is not denied that all the evidence does show, prima facie at least, that the treasurer did in fact comply "with the requirements of the law in advertising and selling." No omission of any prescribed step on the part of the treasurer is pointed out, and we see none.

Objection is made that it does not appear from the evidence that the agent to expend the money ever gave the bond required by law; that the sum assessed was ever expended on the roads; that the land owners themselves had not repaired the roads and so superseded the tax; that the sum assessed was ordered to be expended on the roads; that the agent ever repaired the roads. These objections do not go to the assessment, nor to its certification to the treasurer, nor to the proceedings of the treasurer in advertising and selling. If any of them invalidate the tax, it is for the plaintiff to show that it exists in fact. It is matter of defense against the prima facie title, and need not be negatived by a claimant under that title.

It is further objected that it does not appear from the evidence that the commissioners made of the unincorporated townships and tracts "as many divisions as were equitable, conforming as nearly as was convenient to known divisions and ownerships," or that the sum so assessed was "proportionate to the value thereof." The assessment shows that the commissioners made divisions which apparently conformed to known divisions and ownerships. It also shows a valuation of each division and that the assessment upon it was proportionate to that valuation. It was not necessary that they should

assert in the assessment that they considered the divisions equitable, or that they considered the assessment proportionate. Such an assertion would add nothing. All tribunals are required to proceed according to law and render just judgments, but it is not necessary for them to say that they do.

It is also objected that the commissioners did not assert in their assessment that it was not burdensome upon the land owners to assess all the repairs on them, instead of part on the county. They expressed their judgment by their assessment. If all was assessed on the land owners, it was because the commissioners adjudged it was not burdensome. Their finding sufficiently appears from their act.

It is again objected that it does not appear that the roads were in Franklin County. We think that fact is naturally inferable from the language of the assessment.

The legislature having made the evidence introduced prima facie evidence of title for the defendant, and the plaintiff having offered no evidence, and having failed to point out any fatal defect in the evidence for the defendant, the entry must be,

*Judgment for the defendant.*