## Anson W. Benner *vs.* Martha B. Benner.

### Lincoln.   Opinion November 10, 1921.

*Expressions by a presiding Judge on issues of fact involved in a trial do not constitute
exceptionable error unless the language and manner are such as to impress the
jury that obedience on their part is to follow.   It is within the descretion of
the presiding Judge to permit introduction of further evidence at
any time before the charge, and to read a letter introduced
in evidence in the course of his charge, to show
its relevancy or want thereof, to the
issues involved in the con-
troversy.*

The legislative inhibition that a judge must not express opinion on arising issues
of fact in the trial of a case goes no further in its meaning than that he should
refrain from speaking of the facts in manner implying his utterance entitled to
obedience.   The presiding Judge had descretion, notwithstanding a party had
rested his case, and the closing argument of opposite counsel had been begun, to
grant leave for the introduction of further evidence. .

Exercise of such power is not subject to revision or exceptions.   The collateral
statement of the judge, in association with granting leave to introduce the
further testimony, that injustice would not be done in his court if he could help
it, does not attain to the rank of exceptionable error.

It was not error for the judge, in the course of his charge to the jury, to interroga-
tively read a letter that had been introduced in evidence, to show either its
relation to the subject of the controversy or the want thereof.

On exceptions by plaintiff.   An action of assumpsit on account
annexed to recover $523.95 less a cash credit item of $100.   After
the testimony was in, and counsel for defendant had argued, and
counsel for plaintiff was addressing the jury, the presiding Justice
permitted defendant, under objection by plaintiff, to testify that she
never paid the item credited in the account annexed, some comments
being made by the presiding Justice as to his duty to litigants in his
court, and during the charge to the jury the presiding Justice read a
letter written by defendant to plaintiff which had been introduced
in evidence.   To which several doings on the part of the presiding

Justice and parts of the charge to the jury, as indicated, after verdict for defendant, plaintiff excepted.    Exceptions overruled.

Case stated in the opinion.

*Rodney I. Thompson,* for plaintiff.

*George A. Cowan,* for defendant.

SITTING:   CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DUNN, J.   When the Legislature, in defining the respective functions of the court and of the jury in the trial of a case, laid down the inhibition that the Judge must not express opinion on arising issues of fact, it went no further in its meaning than that he should refrain from speaking of the facts in manner implying his utterance entitled to obedience.   R. S., Chap. 87, Sec. 102; *State* v. *Mathews,* 115 Maine, 84.   He must separate the questions of law from the questions of fact, and thus disunited sent the questions of fact to the province of the jury, free from authoritative verbal invasion by himself.   But it never was intended that a Judge should sit listlessly by, fulfilling duty as though he were administering the rules in a contest for superiority by chance and skill, utterly powerless to aid in the ascertainment of truth as the underlying essential to a proper verdict.   Far from it.   The Legislature meant that, in the employment of the exerpience of his career, he should make the positions and contentions of the litigants clear, by stating, analyzing, comparing and explaining the evidence, by stripping it of extraneous considerations, pointing out any seeming contradictions, resolving it into its simplest elements, supplementing all by definition of the law's governing power, that the jury with discerning appreciation might come to a correct result, and the gladsome light of jurisprudence shine on undimmed.   *State* v. *Mathews,* supra; *York* v. *Railroad Co.,* 84 Maine, 117; *State* v. *Day,* 79 Maine, 120; *Jameson* v. *Weld,* 93 Maine, 345.

Plaintiff sued to recover a balance claimed as due for items of personal property sold through the intervention of the agency of his son, who at the time was the defendant's husband.   An account annexed to the writ is inclusive of a cash credit.   For the purpose of establishing his case, the plaintiff, invoking the provisions of R. S., Chap. 87, Sec. 127, introduced a supporting affidavit comprehensive

both of debits and of the credit, and going to the reasonableness and justness of his charges.  He also introduced, at some stage in the proceedings, a letter that the defendant had written to him.  Testifying as a witness in her own behalf, defendant denied liability for each and every one of the debit items.  She left the stand without having been inquired of about the attributed credit.  Payment ordinarily is a defensive proposition, but the evidentiary statute mentioned exacts that the plaintiff's affidavit state the credits.  In the course of his final argument to the jury, plaintiff's attorney advanced the idea as strange that defendant should have made a partial payment on a bill she did not owe.  At the instance of opposite counsel, the arguing lawyer was interrupted, and, remarking that injustice would not be done in his court if he could help it, the trial Judge allowed defendant again to witness; she testified that there was no payment.  Plaintiff's counsel, first reserving exception both as to what the Judge had said and as to allowance of the testimony against objection, resumed and concluded his argument.  He now relies upon the exception.  He relies as well upon another exception, resting on the Judge's comments, while he was charging, on the letter; the plaintiff insisting that the letter "was in the nature of some acknowledgment of that indebtedness."

The exceptions may be considered in inverse order.  The Judge interrogatively read the letter, or a substantial part of it, sentence by sentence, to show either its relation to the subject of the controversy or the want thereof, saying in concluding animadversion: "To what was she alluding?  What is the subject matter?  That is all I wish to say, to call your attention to that letter.  But you read it, and see how far that corroborates this plaintiff in his claim for these charges."  If by any mischance there was error in the exposition of the letter, it has altogether lost its way out of the record.

It was clearly within the absolute discretion of the presiding Judge, notwithstanding defendant's case had been rested, and though the closing speech of the plaintiff was already under way, to grant leave for the introduction of further evidence, whether omitted by inadvertence or because of a previous lack of knowledge by counsel.  Rule XXXIX; *McDonald* v. *Smith*, 14 Maine, 99; *State* v. *Martin*, 89 Maine, 117.  The exercise of such power is not subject to revision on exceptions.  *Ruggles* v. *Coffin*, 70 Maine, 468.  Nor does the collateral statement of the Judge, in association with granting leave

to introduce the further testimony, that injustice would not be done in his court if he could help it, attain to the rank of exceptionable error. Assuredly the Judge would not wittingly or willingly promote injustice. He desired that the contending parties be freely, fairly, and fully heard. The office of a Judge is to administer right and justice; the record sent up is pervasive that he who presided was of this fact fully aware. Upon the submission of the case, the issues of fact joined by the pleadings respecting which testimony had been offered, were left by the Judge for the sole determination of the jury under appropriate instructions, as a reading of his whole charge shows.

*Exceptions overruled.*