**STATE of Maine**

v.

**Franklin W. HUNNEWELL.**

Supreme Judicial Court of Maine.

April 2, 1975.

P. J. Perrino, Jr., Asst. Atty. Gen., Crim. Div., Augusta, for plaintiff.

Stephen A. Little, Rockland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WEATHERBEE, Justice.

The Knox County jury heard testimony and examined exhibits from which they could have concluded that it had been proved beyond a reasonable doubt that the Defendant had been committed to the Maine State Prison on February 3, 1972, upon a judgment of a Justice of the Superior Court that he serve a term of not less than two and not more than four years; that on August 21, 1973, while this judgment was still in effect, the Defendant was permitted to leave the prison on a five day furlough; that the Defendant failed to return to the prison within the five day period although his sentence was still effective; that prison officers took custody of the Defendant in Dallas, Texas, on December 14, 1973, and returned him to the prison.

The indictment had charged that while the Defendant was undergoing lawful im-

prisonment he was permitted to depart from prison on a furlough and failed to return and that he did "wilfully, unlawfully and feloniously from and out of said Maine State Prison escape and go at large".

The jury found the Defendant guilty. The Defendant appealed. We deny the appeal.

In State v. Holbrook, Me., 318 A.2d 62 (1974) we dealt with the question of indictments which allege an escape while away from the prison on furlough and also that the Defendant escaped from prison, explaining that such indictments were not duplicitous as 34 M.R.S.A. § 527 did not create a distinct statutory offense of escape from furlough. The offense charged, we held, was escape from prison (34 M.R.S.A. § 710) and the allegation regarding the physical absence from prison on a furlough was merely an unnecessary but nonprejudicial explanation of the manner in which the State charged the escape was actually committed. *See also* State v. Stewart, Me., 330 A.2d 800 (1975). This is just such an indictment as that which we found sufficient in *Holbrook*.

■■■ The Defendant urges us that the *Holbrook* rule should not be applied retrospectively because such an application would make acts criminal which were not criminal when committed under earlier decisions. We are unimpressed by this rationale. While *Holbrook* furnished this Court with its first opportunity to make clear that 34 M.R.S.A. § 527 did not create a separate criminal offense of escape from furlough, there could have been no uncertainty about the fact that an escape by one who has been permitted outside the walls of a prison in which he is serving a legal sentence is at law an escape *from the prison*. Boyce v. State, Me., 250 A.2d 200, 202 (1969). This indictment—like that in *Hol-*

*brook*—adequately alleges a violation of 34 M.R.S.A. § 710, Escape from Prison.

■■■ The Defendant's next claim of error causes us more concern. The Defendant protests now that he was prejudiced "by the continual questioning of the presiding Justice." During trial the Defendant's counsel did not make known to the Court his concern that the Justice's questioning might be prejudicial to his client and he made no objection to the questioning, as he should have done. State v. Haycock, Me., 296 A.2d 489, 492 (1972). Therefore, the standard for our review of this aspect of the trial is the test for obvious error—that is, we must be satisfied by a fair preponderance of the evidence that an error was committed which was seriously prejudicial, tending to produce manifest injustice. State v. McKeough, Me., 300 A.2d 755 (1973). This Court has on many occasions and in varying language sought to define the area which separates the judge's responsibility to see that justice does not miscarry because of overlooked material evidence on the one hand, and partisan advocacy on the other hand.[1] The problem was summarized by us in State v. Chaplin, Me., 308 A.2d 873, 875 (1973):

> "We have frequently recognized the difficulties faced by Superior Court Justices in carrying out their awesome trial responsibilities, especially when the trial of a criminal case is to a jury. Although the Justice is expected to be more than a mere observer at the trial his participation in the questioning of witnesses, while sometimes necessary to insure the attainment of justice, must be conducted with caution lest it carry an unfair impact upon the jury."

It is not always easy for the Justice presiding at a jury trial, conscientiously attempting to clarify evidentiary problems for the jury's benefit, to recognize the

---

1. State v. Haycock, supra; State v. Rowe, Me. 238 A.2d 217 (1968); State v. Dipietrantonio, 152 Me. 41, 122 A.2d 414 (1956); Benner v. Benner, 120 Me. 468, 469, 115 A. 202 (1921).

point at which his cumulated judicial efforts begin to suggest to the jury that the Justice has aligned himself on the side of one of the contestants. We must decide whether there is any reasonable likelihood that such a misunderstanding occurred here.

█ While the Justice's questioning of the four State's witnesses does appear to have been unusually extensive, the greater part of it was concerned with clarifying the admissibility requirements and probative validity of the prison records concerning the Defendant's application for furlough and the processing of his application —an aspect of the trial which was of only marginal significance.

The State had presented evidence that the Defendant had arrived at the prison accompanied by an attested copy of a judgment and order of commitment by a court of competent jurisdiction directing that he be committed into the custody of the warden for a term of years which included the period of his unauthorized absence from prison (as distinguished from the situation existing in State v. Chase, Me., 330 A.2d 909 (1975)). He was permitted to go outside the walls of the prison for five days and he failed to return within that time. Prison officers apprehended him in Texas nearly four months later. The jury did not hear a single word of evidence which disputed any of these facts. We see no reasonable possibility that the jurors' obvious acceptance of these undisputed facts was in any way influenced by a misunderstanding as to the Justice's purpose. We find no manifest error.

The entry must be:

Appeal denied.

All Justices concurring.