## NEW ENGLAND HOTEL REALTY, INC.

v.

**Martin FINLEY d/b/a Holiday Motel.**

Supreme Judicial Court of Maine.

Argued March 12, 1986.

Decided April 17, 1986.

Curtis, Thaxter, Stevens, Broder & Micoleau, Sidney St. F. Thaxter (orally), Portland, for plaintiff.

Peter C. Fessenden (orally), Brunswick, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and GLASSMAN, JJ.

ROBERTS, Justice.

New England Hotel Realty, Inc. (hereafter Realty) appeals from a judgment in favor of the defendant, Martin Finley, entered in the Superior Court, Sagadahoc County, on Realty's complaint for brokerage fees. The court directed a verdict against Realty for failure to prove at trial that it was a licensed real estate broker. We hold that the court erred in failing to allow Realty to reopen its case in chief. Because we vacate the judgment on that ground, we have no need to discuss Realty's claim that absence of license should have been raised by Finley as an affirmative defense pursuant to M.R.Civ.P. 8(c).

### I.

The complaint filed by Realty alleged that it was owed $35,000 in brokerage fees from Martin Finley pursuant to a valid contract. In his answer Finley denied the allegations of the complaint and alleged as an affirmative defense only that there was no meeting of the minds and thus no contract in effect. In addition, Finley's pretrial memorandum stated that the only issues in the trial were whether Realty had performed its part of the bargain and whether a valid contract had ever been formed.

Despite Finley's assurance to the court during trial that the case turned on the question of whether Realty produced a ready, willing and able buyer, Finley sought a directed verdict at the close of Realty's case in chief, on the basis that Realty failed to establish that it was a licensed broker. Although the trial justice initially denied the motion, he later directed the verdict in Finley's favor due to Realty's failure to prove that it was licensed.

### II.

In *Tschamler v. Kelley*, 482 A.2d 465 (Me.1984), an evenly divided court left open the question whether under 32 M.R.S.A. § 4116 (1978) proof of a valid broker's license is an essential element of a plaintiff's case in an action for brokerage fees or whether absence of such a license must be raised by the defendant as an affirmative defense in accordance with M.R.Civ.P. 8(c). Today, we need not resolve this question of statutory interpretation because we hold that the trial justice failed to exercise his discretion in deciding whether to allow Realty to reopen the evidence to prove that it was indeed licensed.

The determination of whether a party may reopen its case after the close of evidence is a matter within the sound discretion of the trial justice. M.R.Civ.P. 43(j); *Benner v. Benner*, 120 Me. 468, 470, 115 A. 202, 203 (1921); *see also Bama, Inc. v. Anne Arundel County*, 451 A.2d 1261, 1264 (Md.App.1982); *Greco v. Mancini*, 476 A.2d 522, 525–26 (R.I.1984). The consent of the opposing party to a reopening is not necessary in the exercise of discretion by the court. In this case, the court declined to allow Realty to reopen its case to prove license because of an erroneous assumption that Finley's consent was required. The court thus directed the verdict for the defendant despite the court's recognition that Realty was in fact duly licensed. Viewed in this light the trial court failed to exercise any discretion. Moreover, in the circumstances before us, a sound exercise of discretion would require that Realty be permitted to reopen to avoid an unfair result.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.