2002 ME 31

**In re MELISSA T. et al.**

Supreme Judicial Court of Maine.

Submitted on briefs: Dec. 4, 2001.

Decided: Feb. 21, 2002.

Anthony P. Shusta II, Madison, for appellant.

G. Steven Rowe, Atty. Gen., Matthew Pollack, Asst. Atty. Gen., Pat Stevens, Asst. Atty. Gen., Augusta, for appellee.

Michelle Dolley, Winslow, Guardian ad litem.

Ferdinand A. Slater, Ellsworh, for Anne T.

Michael Wiers, Hartland, for Nancy T.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] The father of Melissa T., William T. III, and Patricia T. and the mother of William T. III and Patricia T. appeal from a final protection order entered in the District Court (Skowhegan, *Clapp, J.*), pursuant to 22 M.R.S.A. § 4035 (1992 & Supp.2001), finding jeopardy as to the children, and placing them in the custody of the Department of Human Services. The issues raised by the father are without merit, and warrant little discussion. Although we are sympathetic with the contention of the mother that the court improperly denied her the opportunity to meaningfully participate in the disposition phase of the jeopardy hearing concerning her children, because the mother failed to file a proper notice of appeal, we dismiss her appeal.

[¶ 2] On January 25, 2001, the Department filed a petition for child protection order concerning the children, alleging, in part, an "ongoing pattern" of domestic abuse. On March 12, 2001, through counsel, the mother consented to the entry of a final protection order. That order found jeopardy as to William and Patricia and placed custody of the children with the Department. The father denied the allegations in the petition and a jeopardy hearing as to him was scheduled.

[¶ 3] At the hearing on the final protection order as to the three children, the mother was allowed to state her position and testify as a witness on behalf of the father. The court refused, however, to allow the mother to present evidence of her own and barred her from affirmatively advocating for a position on the disposition of the children upon a finding of jeopardy as to the father. The court found all three of the father's children to be in jeopardy and determined that custody should be with the Department. The father filed a notice of appeal. Although the mother filed an appellate brief, she failed to file a notice of appeal.

[¶ 4] Contrary to the father's assertions, the evidence was sufficient to find jeopardy, *In re David W.*, 568 A.2d 513, 515 (Me.1990) (a finding of jeopardy for one child can be founded on actions toward another child based on competent evidence in the record); the state has a compelling interest to seek to protect his children from jeopardy, *Rideout v. Riendeau,* 2000 ME 198, ¶ 23, 761 A.2d 291, 300–01 (threat of harm is a compelling interest); and the trial judge properly refused to recuse, *In re Michael M.*, 2000 ME 204, ¶ 14, 761 A.2d 865, 868 (judge should recuse if the judge cannot discharge responsibilities neutrally or if impartiality may be reasonably questioned).

[¶ 5] In her appellate brief, the mother contends that the District Court improperly denied her the opportunity to advocate for her wishes in the disposition phase of the jeopardy hearing concerning her children. Although the mother's contention appears to have some merit,[1] she has not filed any notice of appeal or cross appeal as required by M.R.App. P. 2. Accordingly, we lack jurisdiction to review her claim and dismiss her appeal. *See Rice v. Amerling*, 433 A.2d 388, 390 (Me. 1981) ("compliance with [M.R.App. P. 2] is

---

1. The mother has a substantial interest in her family's integrity and as to where her children are placed. *In re Nikolas E.,* 1998 ME 243, ¶ 10, 720 A.2d 562, 565; *In re Sabrina M.,* 460 A.2d 1009, 1016 (Me.1983). She has standing to meaningfully participate in proceedings affecting the placement of her children.

mandatory and jurisdictional for purposes of appeal"); *Littlefield v. Littlefield,* 292 A.2d 204, 207–08 (Me.1972) (in order for an appellee to attack an order or judgment and do more than defend the judgment, the appellee must file a cross appeal).

The entry is:

Judgments affirmed.   Appeal of the mother is dismissed.