### 2004 ME 19

### In re DANIELLE S.

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 13, 2004.
Decided: Feb. 25, 2004.

William F. Pagnano, Rockland, for appellant.

G. Steven Rowe, Attorney General, Matthew Pollack, Asst. Attorney General, Augusta, for appellee.

Harold Hainke, Whitefield, Guardian ad Litem.

Thomas Berry, Boothbay Harbor, for mother.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] The father of Danielle S. appeals from a judgment entered in the District Court (Wiscasset, *Westcott, J.*) ordering, pursuant to 22 M.R.S.A. § 4055 (1992 & Supp.2003), that his parental rights to his daughter be terminated. The father contends that (1) the court acted beyond its discretion when it allowed the Department of Human Services to present additional testimony and evidence after the close of the termination hearing; (2) the court erred when it considered evidence of his relationship with another one of his children, who was not a party to the present case, as a basis for termination; and (3) the court's decision to terminate his parental rights was not supported by sufficient evidence. We are unpersuaded by the father's contentions, and we affirm the court's decision to terminate the father's parental rights as to Danielle S.

[¶ 2] The reopening of evidence is governed by M.R. Civ. P. 43(j): "A party who has rested cannot thereafter introduce further evidence except in rebuttal unless by leave of court." The trial court has discretion in determining whether a party may reopen its case after the close of the evidence. *Glidden v. Belden,* 684 A.2d 1306, 1316 (Me.1996). We have held that a court should reopen the evidence in a termination proceeding when there is evidence relevant to the issues in the case. *In re Michaela C.,* 2002 ME 159, ¶¶ 14–15, 19, 809 A.2d 1245, 1250–51.

[¶ 3] Evidence introduced at the termination hearing included testimony from several people that the father's ability to control his anger and impulsiveness was improving, and that his visitations with Danielle were going well. Evidence of the father's conduct during a visit with Danielle that took place on April 29, 2003, subsequent to the close of the termination hearing on April 7, 2003, rebuts the evidence that he was making progress controlling his anger. The evidence of that post-hearing visit was very relevant to Danielle's best interests, as well as to the father's ability to protect her from jeopardy and to take responsibility for her, and accordingly, to the court's determination of whether the father's parental rights should be terminated. The court acted within its discretion when it reopened the evidence to allow testimony about the father's recent supervised visit with Danielle. *Id.*

[¶ 4] Furthermore, the District Court did not act beyond its discretion in

considering, among other evidence, the circumstances surrounding the father's relationship with another daughter in deciding whether to terminate the father's parental rights as to Danielle. *See In re Melissa T.*, 2002 ME 31, ¶ 4, 791 A.2d 98, 99; *see In re David W.*, 568 A.2d 513, 515 (Me. 1990) (stating that a finding of jeopardy as to one child can be based on evidence of a parent's actions toward another child).

[¶ 5] The record also supports the court's findings by clear and convincing evidence that the father is unable to protect Danielle from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet Danielle's needs, *In re David W.*, 568 A.2d at 515; that he is unable to take responsibility for Danielle within a time which is reasonably calculated to meet Danielle's needs, *see In re Alana S.*, 2002 ME 126, ¶ 23, 802 A.2d 976, 981; and that termination of his parental rights is in Danielle's best interest, *see In re Frederick P.*, 2001 ME 138, ¶ 19, 779 A.2d 957, 961–62.

The entry is:

Judgment affirmed.