STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. PORSC-RE-2015-99

JEANNE S. REED TRUST;                )
LAWRENCE E. REED as co-trustee and   )
Individually; GEORGE P. REED IV, as  )
co-trustee and individually          )
                                     )
            Plaintiffs,              )
                                     )
      v.                             )
                                     )
SALLY HUTCHINSON; JENNIFER           )
REED; SHAUN GIBERSON; ANGELA
GIBERSON; NISSA GIBERSON,

            Defendants

JUDGMENT

STATE OF MAINE
Cumberland. ss. Clerk's Office

JUN 02 2017
10:51AM
RECEIVED

Plaintiffs filed a complaint on June 11, 2015 seeking "an order to quiet title or an Order of partition that requires the sale of real estate . . . ." Entries of default were previously issued against all defendants except for defendant Hutchinson. A bench trial was held on March 3, 2017.

I.      **Background**

The subject real property is located in Gray, Maine on Little Sebago Lake. Jeanne S. Reed (hereinafter "Mrs. Reed) acquired the property in 1980 pursuant to two deeds. (Pl.'s Ex. 4.) The deeds each grant the properties to "Jeanne S. Reed, her heirs and assigns forever." (*Id.*)

On July 23, 1997, Mrs. Reed executed her Last Will and Testament, which provided in relevant part as follows: "All of the property that I own at my death, . . . and any property that I have the power to dispose of under my Will shall be distributed to the Trustee of the Jeanne S. Reed Trust to be administered and distributed as provided under that Trust." (Pl.'s Ex. 2.) · The

same date Mrs. Reed executed a trust document and paid a nominal corpus to establish the Jeanne S. Reed Trust (hereinafter "the Trust"). (Pl.'s Ex. 2.) Mrs. Reed's husband, George Reed, III (hereinafter "Mr. Reed"), was named as trustee. (*Id.*) Her sons, George Reed, IV and Lawrence Reed, were named as successor co-trustees. (*Id.*) Mrs. Reed died on July 26, 1997.

Her will was never probated. *See* 18-A M.R.S. § 3-108 (stating, except for some exceptions that do not apply in the circumstances of this case, there is a three-year statute of limitations for probating a will). Mrs. Reed is still the record owner of the properties. Following her death, Mr. Reed managed the Trust and paid all property taxes and upkeep expenses. (Pl.'s Ex. 5.) Mr. Reed passed away on May 20, 2013. The Cumberland County Probate Court issued an order determining Mrs. Reed's heirs on August 20, 2014. (Pl.'s Ex. 1.)

This memorandum considers whether the will is sufficient to establish the Trust's title to the properties in light of relevant statutes, case law, and the "joint motion to accept stipulation of settlement" and "stipulation of settlement" between plaintiffs and defendant Hutchinson.

## II.    Discussion

### a.  Jurisdiction

In the complaint, the Trust seeks relief pursuant to 14 M.R.S. § 6651.[1] It did not expressly seek relief pursuant to the Declaratory Judgment Act, but this court may treat a quiet title claim as one for declaratory judgment.[2] *See Ricci v. Godin*, 523 A.2d 589, 591 (Me. 1987) (noting approvingly that the Superior Court assumed 14 M.R.S. §§ 6655-6658 and 14 M.R.S. § 6701 claims in pleadings initiated actions for declaratory judgment); *see also* 3 Harvey, *Maine*

---

[1] Pursuant to M.R. Civ. P. 80A, the District Court has jurisdiction over quiet title actions pursuant to 14
[2] "The Declaratory Judgments Act, 14 M.R.S.A. §§ 5951-63, is remedial in nature and should be liberally construed to provide a simple and effective means by which parties may secure a binding judicial determination of their legal rights, status or relations under statutes and written instruments where a justiciable controversy has arisen. . . . A proceeding for declaratory relief brought in accordance with the civil rules of procedure is a particularly efficacious method for quieting title to real property" *Hodgdon v. Campbell*, 411 A.2d 667, 669 (Me. 1980).

*Civil Practice* 419-20 (3d, 2011 ed.). Declaratory judgment actions are not a new cause of action, but rather "'provide a more adequate and flexible remedy in cases where jurisdiction already exists.'" *Hodgdon v. Campbell*, 411 A.2d 667, 669 (Me. 1980) (quoting *Casco Bank & Trust Co. v. Johnson*, Me., 265 A.2d 306, 307 (1970)).

Section 6651 reads as follows:

> A person in possession of real property, claiming an estate of freehold therein or an unexpired term of not less than 10 years, . . . may, if he or those under whom he claims or those claiming under him have been in uninterrupted possession of such property for 4 years or more, bring an action in the Superior Court . . . in the county . . . in which said real property lies, setting forth his estate, stating the source of his title, describing the premises, and averring that an apprehension exists that persons named in the complaint, or persons unknown claiming as heirs, devisees or assigns, or in any other way, by, through or under a person or persons named in the complaint, claim or may claim some right, title or interest in the premises adverse to his said estate; and that such apprehension creates a cloud upon the title and depreciates the market value of the property; and praying that such persons be summoned to show cause why they should not bring an action to try their title to the described premises. . . .

§ 6651 (2015). The Superior Court also enjoys concurrent jurisdiction with the Probate Court over "all proceedings in this State involving a trust." 18-B M.R.S. § 203; *see also* 18-B M.R.S. § 201(1), (3) (2015) ("(1) The court may intervene in the administration of a trust to the extent its jurisdiction is invoked by an interested person or as provided by law. . . . (3) A judicial proceeding involving a trust may relate to any matter involving the trust's administration, including . . . an action to declare rights.").

The court has jurisdiction to consider the Trust's claim for quiet title.

### b. Quiet Title

"[T]he plaintiff in a quiet title action has the burden of proving better title than that of the defendant." *Hodgdon v. Campbell*, 411 A.2d 667, 671 (Me. 1980) (holding the plaintiff retains the burden even if it brings a declaratory judgment action to seek quiet title). "Relief pursuant

to the quiet title statute is only available if the plaintiff in such an action provides the legal basis for that title." *Levis v. Konitzky*, 2016 ME 167, ¶ 24, 151 A.3d 20. "The statute does not provide an independent basis for a claim of title." *Id.*

Here, the facts are not disputed. Mrs. Reed executed a will. The will provided that Mrs. Reed's property would be distributed to the Trust after her death. However, the executor, Mr. Reed, failed to probate the will. During the remainder of his life, Mr. Reed treated the property as if it was the Trust's property. Mr. Reed passed away. George Reed, IV and Lawrence Reed are the current trustees of the Trust. The deeds to the subject property are still in Mrs. Reed's individual name. The parties disputed—at least until quite recently as evidenced by the proposed stipulation of settlement—whether those facts are sufficient as a matter of law to establish that the Trust holds title to the property. After trial, plaintiffs filed a "joint motion to accept stipulation of settlement" and a "stipulation of settlement" in which defendant Hutchinson states she "no longer contests that the property . . . is owned by the Jeanne S. Read Trust and title should be in the name of the Jeanne S. Reed Trust." (Stip. of Settlement at 1.) However, whether title should be in the name of the Trust is a mixed question of law and fact.

The Probate Code states that for a will "to be effective to prove the transfer of any property . . . [it] must be declared to be valid by an order of informal probate by the registers or an adjudication of probate by the judge." 18-A M.R.S. § 3-102 (2016). However, the Code also provides the following limited exception to the rule:

> [A] duly executed and unrevoked will which has not been probated may be admitted as evidence of a devise if (1) no court proceeding concerning the succession or administration of the estate has occurred, and (2) either the devisee or his successors and assigns possessed the property devised in accordance with the provisions of the will, or the property devised was not possessed or claimed by anyone by virtue of the decedent's title during the time period for testacy proceedings.

4

§ 3-102; *see also Mary E. Jabbusch, in her capacity as Personal Representative of the Estate of Dorothy E. Gile v. Ray*, No. CV-91-1442, 1993 Me. Super. LEXIS 80 (May 18, 1993) (discussing section 3-102). The exception in section 3-102 appears to be inapplicable to the facts of this case because the Probate Court issued an "order on petition for determination of heirs" of Jeanne S. Reed during the probate proceedings for Mr. Reed's estate. (Pl.'s Trial Ex. 1.) Under the plain language of section 3-102, the probate order is a court determination of the "succession . . . of the estate." Thus, the will is ineffective to prove the transfer of the real property and does not constitute evidence of a devise to the Trust.

"Any part of the estate of a decedent not effectively disposed of by his will passes to his heirs . . . ." 18-A M.R.S. §2-101 (YEAR). Here, where Mrs. Reed's estate was not disposed of by her will due to the failure of the executors to probate the will, the estate property would pass to her heirs as determined by the Probate Court. Moreover, section 3-901 provides as follows:

> In the absence of administration, the heirs and devisees are entitled to the estate in accordance with the terms of a probated will or the laws of intestate succession. Devisees may establish title by the probated will to devised property. Persons entitled to property by homestead allowance, exemption or intestacy may establish title thereto by proof of the decedent's ownership, his death, and their relationship to the decedent. Successors take subject to all charges incident to administration, including the claims of creditors and allowances of surviving spouse and dependent children, and subject to the rights of others resulting from abatement, retainer, advancement, and ademption.

§ 3-901. Again, there is no probated will in this matter. Therefore, the Trust fails to establish title. On the other hand, the heirs of Mrs. Reed's estate have established title to the property. The uncontested deeds establish the decedent's ownership of the property. (Pl.'s Ex. 4.) Uncontroverted testimony/evidence at trial demonstrated that Mrs. Reed has passed away. Individual plaintiffs and defendant Hutchinson established their relationship to the decedent through the Probate Court's order on petition for determination of heirs.

5

Therefore, in the absence of the stipulation presented to the court two and half months after trial, the court would be inclined to enter judgment denying plaintiffs any relief under count one of the complaint and granting individual plaintiffs relief pursuant to count two of the complaint. The court considers the significance, if any, of the "joint motion to accept stipulation of settlement" and the "stipulation of settlement." In considering the significance of the stipulation and settlement, the court acknowledges that the individual plaintiffs would clearly be entitled to relief under Count II, which would lead to the same substantive outcome.

### c. Stipulation

"A party who has rested cannot thereafter introduce further evidence except in rebuttal unless by leave of court." M.R. Civ. P. 43(j); *see also Dalphonse v. St. Laurent & Son, Inc.,* 2007 ME 53, ¶ 16, 922 A.2d 1200 (quoting M.R. Civ. P. 43(j)). A determination of whether a party is permitted to reopen its case after the evidence is closed is within the discretion of the court. *Dalphonse,* 2007 ME 53, ¶ 16, 922 A.2d 1200 (quoting *In re Danielle S.,* 2004 ME 19, ¶ 2, 844 A.2d 1148. The Law Court has articulated specific factors for the court to consider in exercising its discretion. "A court should permit the presentation of additional evidence if doing so will prevent an unfair result." *Id.* Other factors to consider include "whether allowing additional evidence would be necessary for an accurate adjudication, would give the court a more complete picture, or would create any unfair disadvantage to the other party." *Dep't of Human Servs. v. Thibeault,* 561 A.2d 486, 487 (Me. 1989). The parties have not discussed these factors in their joint motion to accept stipulation of settlement.

The court accepts the additional evidence if for no other reason than it resolves the sole existing dispute between the parties and produces a fair and efficient result.

6

### III. Conclusion

The court grants relief under Count I[3] to the Jeanne S. Reed Trust in accordance with 18-A M.R.S.A. § 3-102. The court further declares that the Jeanne S. Reed Trust is the owner of the property located in the Town of Gray, County of Cumberland, and State of Maine with a mailing address of 36 Deer Acres and more accurately described in the deeds included in Pl's Exhibit 4. The court further orders that a deed listing the Jeanne S. Reed Trust as the owner be prepared and filed with the Cumberland County Registry of Deeds.

The Clerk is directed to enter this Judgment on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: June 2, 2017

Justice Lance E. Walker
Maine Superior Court

---

[3] As a natural consequence, the court does not reach Count II.